IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 98-30010-22** |
| **VERSUS** | * | **JUDGE JAMES** |
| **BRANDON CARYELL FLINTROY** | * | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to vacate, set aside, or correct sentence under § 2255 filed by *pro se* defendant Brandon Caryell Flintroy. (Doc. #1247). The government opposes Flintroy's motion (Doc. #1251). For reasons stated below, it is recommended that the motion be **DISMISSED WITHOUT PREJUDICE**.

### BACKGROUND

In the instant motion, Flintroy seeks a reduction of his sentence for the time he allegedly spent in custody due to a federal detainer. (Doc. #1247, p.3). Flintroy was indicted in 1998 and pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 USC § 841(a)(1) and 18 U.S.C. § 2, in June 1999. (Docs. #16, 588-93). Flintroy was sentenced to 70 months imprisonment (to run concurrent with any sentence imposed in state court) and four years of supervised release. (Docs. #803-05). Flintroy began his supervised release on April 8, 2005. (Doc. #1247, p.2).

In November 2005, the United States Probation Offices submitted a violation report indicating that Flintroy had violated conditions of his supervised release. (Docs. #1171-76). In lieu of revocation, the court ordered Flintroy to report to the City of Faith Community Correctional Center in Monroe for a period of six months. (Docs. #1185, 1190).

On August 21, 2006, an arrest warrant issued for revocation of Flintroy's supervised

1

release for possession of marijuana and felony possession of a firearm. (Docs. #1220; 1247, p.2). Flintroy alleges that the "Probation officer placed a detainer on [Flintroy] when he was arrested on August 21," which prevented him "from making state bond." (Doc. #1247, p.2). On November 20, 2006, a final hearing was held on the revocation issue. The court revoked Flintroy's supervised release and committed him to the custody of the Bureau of Prisons for a term of 22 months. (Doc. #1239). Flintroy alleges that he completed his state sentence on August 6, 2007. (Doc. #1247, p.3). He is currently incarcerated in Mississippi.

## LAW AND ANALYSIS

Flintroy's claim is properly raised in a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994) (explaining that § 2241 is the proper vehicle where the defendant challenges "the manner in which his sentence is being executed rather than the validity of his conviction and sentence."). "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Flintroy is incarcerated in Mississippi, outside the Western District of Louisiana. (Doc. #1251-1, p.6). Consequently, this court lacks the jurisdiction to consider the instant motion.

Flintroy should be free to refile a motion under § 2241 in the federal court in the district in which he is incarcerated. Should he elect to do so, however, he should consider the Fifth Circuit requirement that he first exhaust his administrative remedies. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)) (holding that a movant under § 2241 "must first exhaust his administrative remedies

---

[1] Flintroy originally filed a motion for modification of supervised release under 18 U.S.C. § 3565(a)(1). Subsequently, the undersigned retitled it as a motion to vacate, set aside, or correct sentence under § 2255.

2

through the Bureau of Prisons."); *but see also Fuller v. Rich*, 11 F.3d. 61, 62 (5th Cir. 1994) (noting that "exceptions to the exhaustion requirement [may] apply . . . in extraordinary circumstances.").

For the aforementioned reasons **IT IS RECOMMENDED** that Flintroy's motion be **DISMISSED WITHOUT PREJUDICE**.  Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 15th day of January, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE