# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 98-30010-22 |
| VERSUS | * | JUDGE JAMES |
| BRANDON CARYELL FLINTROY | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is movant Brandon Flintroy's motion for reduction of sentence under 18 U.S.C. § 3582(c). (Doc. #1261). Because Flintroy is ineligible for a reduction in sentence, it is recommended that the motion be **DENIED**.

## BACKGROUND

In 1999, Flintroy pled guilty to Count 1 of an indictment charging him with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Docs. #588-93). Flintroy was sentenced to imprisonment for a term of 70 months, to be followed by a term of supervised release. (Doc. #805). After serving that sentence, Flintroy violated the conditions of his supervised release. (Doc. #1171). Consequently, the court revoked Flintroy's supervised release and sentenced him, in November 2006, to a term of imprisonment of 22 months, which he is currently serving. (Doc. #1239).

## LAW AND ANALYSIS

Flintroy seeks a reduction of his term of imprisonment based on Amendment 706[1] to the

---

[1] This amendment was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007. *United States v. Howard*, No. 07-10592, 2008 U.S. App. LEXIS 12152 (5th Cir. June 6, 2008) (unpublished).

United States Sentencing Guidelines (hereinafter the "Cocaine Base Amendment"), which reduces the base offense level for cocaine base offenses by two levels. The Sentencing Commission (the "Commission") amended U.S.S.G. § 1B1.10 to make the Cocaine Base Amendment retroactive, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

Section 3582(c)(2) gives courts discretionary authority to reduce terms of imprisonment under certain circumstances. Courts can reduce a defendant's previously imposed sentence if "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, pursuant to 28 U.S.C. 994(o)." § 3582(c)(2). Under § 3582, courts can reduce a term of imprisonment only if, *inter alia*, the reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Thus, "not all defendants whose sentences are based . . . on involvement with crack cocaine are eligible" for a reduction. *United States v. Cutler*, No. 97-CR-40018, 2008 WL 961211, at *2 (S.D.Ill. Apr. 8, 2008).

Flintroy is ineligible because a reduction of his sentence would be inconsistent with one of the Commission's policy statements. Specifically, the policy statement that governs sentence reductions based on guideline amendments states that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section **does not authorize a reduction in the term of imprisonment imposed upon a revocation of supervised release**." U.S.S.G. § 1B1.10, Application Note 4 (emphasis added). Flintroy is serving a term of imprisonment for violating the conditions of his supervised release and is

therefore ineligible.² *Cutler*, 2008 WL 961211; *United States v. Anthony*, No. Cr-95-0105, 2008 WL 2143702 (E.D.Wash. May 21, 2008); *United States v. Holt*, No. CR 95-2018, 2008 WL 2609392 (N.D.Iowa June 30, 2008); *see also United States v. Lopez*, No. 2:01-cr-41, 2008 WL 822005 (M.D.Fla. Mar. 26, 2008) (denying motion for reduction by defendant serving sentence for violation of supervised release on different grounds); *United States v. Gaskins*, No. 2:96-cr-76, 2008 U.S. Dist. LEXIS 22862 (M.D.Fla. Mar. 24, 2008) (same); *United States v. Banks*, No. 2:97-cr-78, 2008 U.S. Dist. LEXIS 22864 (M.D.Fla. Mar. 24, 2008) (same); *United States v. Garth*, No. 94-147-CR-1, 2008 WL 2115117 (S.D.Ind. May 1, 2008) (same).

Flintroy argues that this court is not bound by the aforementioned policy statement. He contends that under *United States v. Booker* the policy statement is not a prohibition; instead, under *Booker* it becomes merely advisory. *See* 543 U.S. 220, 245 (2005). For the following reasons, the undersigned concludes that *Booker* does not support Flintroy's position.

Courts have the authority to reduce sentences only when granted the power to do so by Congress. *United States v. Davis*, 187 Fed. App'x 377 (5th Cir. 2006) (unpublished) ("A district court has the authority to reduce a sentence under § 3582(c)(2) only if the Sentencing Commission has amended a pertinent guideline and has made that amendment retroactively applicable."); *Gaskins*, 2008 U.S. Dist. LEXIS 22862, at *7 ("The Court has no inherent power to modify or reduce a sentence, but rather must look to specific parameters of federal statutes . . .") (citing *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002)). By passing the Cocaine Base Amendment, Congress allowed for sentence reductions for only some of the

---

² Flintroy's contention that Application Note 4 does not apply because he served the entirety of his original sentence, (*see* Doc. #1267, p.3-4), finds no support in any authority of which this court is aware and is inconsistent with a plain reading of Note 4.

3

defendants whose sentences are based on involvement with crack cocaine. Accordingly, Congress has limited the circumstances in which courts may reduce sentences under § 3582. One such limitation, discussed above, is the basis for Flintroy's ineligibility.

While the Sentencing Guidelines are no longer mandatory post-*Booker*, Congress maintains the power to dictate sentence reduction eligibility just as it maintains the ability, for example, to enact statutory minimum sentences. *See United States v. Harper*, 527 F.3d 396, 411 (5th Cir. 2008) ("post-*Booker* sentencing courts lack discretion to depart below relevant statutory minimums."). Thus, *Booker* and its progeny have not altered the power of Congress to provide or limit the courts' authority to reduce sentences. Because Congress has not granted courts the authority to reduce terms of imprisonment for defendants whose supervised release has been revoked, Flintroy is ineligible for a reduction.

In addition, it is worth noting that, even before *Booker* was decided, district courts had discretion in sentencing defendants following supervised release violations. Thus, the district judge in this case possessed and exercised discretion when he sentenced Flintroy after he violated the terms of his supervised release. Nonetheless, the court sentenced Flintroy to a term of 22 months imprisonment. As a result, it is not the case, as Flintroy strongly implies, that he was denied the benefit of a sentence based on advisory Guidelines.

Finally, the undersigned disagrees with the contention that the exclusion of post-revocation offenders from relief under § 3582 violates the Equal Protection Clause of the United States Constitution. Flintroy suggests that there is no rational basis for preventing post-revocation offenders from receiving relief under the Cocaine Base Amendments; however, defendants who have violated the terms of their supervised relief are not similarly situated to

offenders who are still serving their sentences. While revocation offenders have obviously demonstrated that they continue to pose a threat to society, there is no comparable available information relating to prisoners serving their original sentences. Thus, Congress had a rational basis for withholding leniency from those sentenced for supervised release violations.

For these reasons, **IT IS RECOMMENDED** that Flintroy's motion be **DENIED**. Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 16th day of July, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE